## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ERNEST GREEN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP-23-CV-00348-KC-ATB** |
| **WEST TEXAS DETENTION FACILITY,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## REPORT AND RECOMMENDATION

On this day, the Court *sua sponte* considered the above-captioned case.  Proceeding *pro se* and *in forma pauperis*, Plaintiff Ernest Green, a federal inmate, brought this lawsuit against Defendant West Texas Detention Facility (WTDF).  Pursuant to a divisional standing order of the El Paso Division of the Western District of Texas[1] and 28 U.S.C. § 636(b), the case was referred to the undersigned Magistrate Judge for, *inter alia*, proposed findings of fact and recommendations.  Previously, the Court granted Green's application to proceed *in forma pauperis*, but withheld service of summons on WTDF pending the Court's screening of Green's Complaint (ECF No. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).  *See* Order, ECF No. 2.  The Court now conducts the screening.

### I.   STANDARD

A provision of the Prison Litigation Reform Act of 1995 (PLRA) requires a district court to screen civil cases brought by prisoners "before docketing" or "as soon as practicable after docketing" and to dismiss the complaint if, among other reasons, it "fails to state a claim upon

---

[1] Standing Referral Order Re: Prisoner and Immigration Detainee Civil Rights Cases (Apr. 4, 2016), at https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Referral-Order-Re-Prisoner-and-Immigration-Detainee-Civil-Rights-Cases.pdf.

which relief may be granted."  28 U.S.C. § 1915A(a)–(b)(1).  A separate provision requires the court to dismiss a prisoner's *in forma pauperis* case "at any time" if the complaint, among other reasons, "fails to state a claim on which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).  The standard for determining whether a complaint states a claim upon which relief may be granted is the same under § 1915A(b)(1) and § 1915(e)(2)(B)(ii) as under Federal Rule of Civil Procedure 12(b)(6).  *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021); *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020).

Under that standard, a court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff."  *Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019).  To avoid dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face'"  *Mendoza-Tarango*, 982 F.3d at 399 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court's task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."  *Doe* ex rel. *Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (*en banc*) (citation and internal quotes omitted).  Determining whether the complaint states a plausible claim "is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

## II.  DISCUSSION

Green alleges that he is an African American male of the Jewish faith.  Compl. at 1, 3, ECF No. 3.[2]  At the relevant time, his Complaint states, Green was incarcerated or detained at

---

[2] Citations to the Complaint refer to the page numbers imprinted thereon by the Court's Case Management and Electronic Case Filing system.

WTDF, which is in Sierra Blanca, Texas.[3]  He asserts that he is not able to practice his Jewish religion at WTDF—for two reasons.  First, he alleges, WTDF does not provide him with "kosher" food.  *Id.* at 5.  Second, he avers, as a U.S. citizen who was born and raised here, he only speaks English, but WTDF's law library has only two Torahs, both in Spanish.  *Id.* at 1, 4–5.  As relief, he seeks monetary damages for his emotional distress.  *Id.* at 6.

As an initial matter, Green asserts that WTDF's failures to provide kosher food and to have English versions of the Torah violate an executive order, entitled "Executive Order 13798—Promoting Free Speech and Religious Liberty," 82 Fed. Reg. 21,675 (May 4, 2017), issued by former President Donald J. Trump and a corresponding memorandum entitled "Federal Law Protections for Religious Liberty," 82 Fed. Reg. 49,668 (Oct. 26, 2017), issued by former Attorney General Jeff Sessions, Compl. at 2–3.  Specifically, he alleges that the executive order is not observed at WTDF, which, though is a private facility, has contracted with the U.S. Marshals Service to house federal prisoners and detainees.  *Id.* at 3.  However, Executive Order 13798 does not create a private right of action in federal court.  *Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *4 (E.D. Mich. Sept. 24, 2019).  So, Green cannot state a claim under that order.

Green's Complaint does not mention any statute under which he may be asserting a claim.  It does, however, allude to the Free Exercise Clause and the Establishment Clause of the First Amendment, Compl. at 4, and, so, the Court will, out of an abundance of caution,[4] treat his

---

[3] After he initiated this lawsuit on September 15, 2023, Green was transferred from WTDF to the El Paso County Jail in El Paso, Texas.  *See* Compl. at 1.

[4] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotes omitted)).

allegations as asserting claims under 42 U.S.C. § 1983—the remedial vehicle for addressing the violation of constitutional rights.[5]  Even then, for one or more reasons explained below, Green's Complaint fails to plausibly state such a claim.

To the extent that Green asserts claims for violating his rights secured under the Free Exercise Clause, such claims are not cognizable.  *See Landry v. Laborde-Lahoz*, 852 F. App'x 123, 127 (5th Cir. 2021) (To state a § 1983 claim, a plaintiff must allege "an underlying constitutional violation.").  The Fifth Circuit has held that "denial of a kosher diet does not violate [Jewish inmates'] free exercise rights."  *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007) (a case brought by a Jewish inmate).  And inmates have no constitutional or legal right to receive religious materials at government expense.  *See Frank v. Terrell*, 858 F.2d 1090, 1090 (5th Cir. 1988) (There is no "constitutional or legal requirement that the government provide materials for every religion and sect practiced in this diverse country." (citing, among other cases, *Cruz v. Beto*, 405 U.S. 319, 323 (1972) (Burger, C.J., concurring))); *accord Muhammad v.*

---

[5] It appears that WTDF is a nonprofit public corporation owned by Hudspeth County, Texas.  *See Fierro-Maldonado v. W. Tex. Det. Facility*, No. EP-14-CV-255-KC, 2015 WL 4508301, at *1 n.2 (W.D. Tex. July 24, 2015) (WTDF "is a nonprofit public corporation and *instrumentality of Hudspeth County*, Texas, operated by Emerald Companies, a correctional management firm based in Lafayette, Louisiana." (emphasis added)); *see also* DHS, *Office of Detention Oversight Follow-Up Compliance Inspection* at 4 (May 6, 2021) (WTDF "is *owned by Hudspeth County*, and is operated by LaSalle Correctional Management." (emphasis added)), https://www.ice.gov/doclib/foia/odo-compliance-inspections/westTexasDetFacSierraBlancaTX_May%203-6_2021_followUp.pdf (last visited Oct. 12, 2023); *Cepeda v. Emerald Corr. Mgmt. LLC*, No. EP-18-CV-150-PRM, 2018 WL 4999973, at *1 (W.D. Tex. Aug. 28, 2018) (LaSalle Management and WTDF are related entities).  A municipality, such as Hudspeth County, can be liable under § 1983 "where the municipality itself causes the constitutional violation at issue, for example, by establishing an unconstitutional policy or custom." *Whitt v. Stephens Cnty.*, 529 F.3d 278, 283 (5th Cir. 2008) (cleaned up).

However, a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is not available here, at a minimum, because Green has not sued any WTDF employees. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1294 n.12 (5th Cir. 1994) ("[A] *Bivens* claim is available only against government officers in their individual capacities."); *id.* at 1295 n.15 ("The [plaintiffs] also brought this claim against the [the United States Army Corps of Engineers], but . . . such a claim is cognizable only against individuals.").

*Tex. Dep't of Crim. Just., Institutional Div.*, 134 F.3d 368, 1997 WL 811681, at *1 (5th Cir. 1997) (unpublished table decision) ("Prisons do not have an affirmative duty to provide religious materials or other religious articles free of charge to inmates."); *see also Mack v. Reynolds*, No. 797CV170R, 2000 WL 1808277, at *3 (N.D. Tex. Dec. 11, 2000) (rejecting as meritless inmate's claim of constitutional entitlement to free Jewish religious materials, reasoning that he made no allegations "that he was prevented from obtaining religious materials through friends or at his own expense and the testimony at trial was undisputed that [he] was permitted to receive religious materials from outside sources").

To the extent that Green asserts a claim for an Equal Protection Clause violation,[6] his Complaint fails to allege facts to plausibly suggest that WTDF purposefully discriminated against him by not providing kosher food or not having an English copy of the Torah in its library. "To succeed on [an] equal protection claim, [a plaintiff] must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Baranowski*, 486 F.3d at 123 (internal quotes omitted) (concluding that prisoner-plaintiff's equal protection claim fails because he offered "no competent summary judgment evidence that similarly situated faiths are afforded superior treatment, or that [the prison's] policies are the product of purposeful discrimination").[7] Green does not allege that the inmates of similarly

---

[6] As mentioned above, Green's Complaint alludes to the Establishment Clause. For a prisoner's claim of discrimination against him on the basis of his religion, "the analysis is the same whether the claim is viewed under the establishment clause or the equal protection clause." *Goodvine v. Swiekatowski*, 594 F. Supp. 2d 1049, 1058 (W.D. Wis. 2009) (citing, among other cases, *Bd. of Educ. of Kiryas Joel Vill. Sch. Dist. v. Grumet,* 512 U.S. 687, 715 (1994) (O'Connor, J., concurring in part) ("[T]he Establishment Clause, . . . and the Equal Protection Clause as applied to religion—all speak with one voice on this point." (cleaned up)); *see also Coleman v. Jones*, No. 20-7382, 2022 WL 2188402, at *6 n.5 (4th Cir. June 17, 2022) (unpublished) (noting that plaintiff's "religious discrimination claims sound in both the Establishment Clause and the Equal Protection Clause, and its analysis under each clause overlaps in significant respects").

[7] *See also McFaul v. Valenzuela*, 684 F.3d 564, 577 (5th Cir. 2012) (To state a Fourteenth Amendment equal-protection claim, a plaintiff "must allege . . . that he received treatment different from

situated faiths are provided kosher food.  *Cf. Baranowski*, 486 F.3d at 123 n.6 ("To the extent [the plaintiff] is raising an equal protection claim regarding the denial of kosher meals, the uncontroverted summary judgment evidence shows that the [the prison] does not serve kosher meals to any inmate.").  Although he alleges that WTDF's law library has "100s of standard Christian Bibles" (presumably, some of them are in English), Compl. at 4, he does not allege that WTDF procures the Bibles at a cost to WTDF, that the Bibles were not donated by other sources, or that WTDF otherwise afforded superior treatment to inmates of the Christian faith in respect to the Bibles.  *Cf. Ha'min v. Lewis*, 440 F. Supp. 2d 715, 717 (M.D. Tenn. 2006) (granting summary judgment in favor of defendant on Muslim plaintiff's Establishment Clause claim premised upon the allegation that the jail library had no copies of the Holy Quran, reasoning that evidence showed that defendant "does not . . . purchase Bibles for inmates," that "[d]onated Bibles are kept in the jail library and are available for check-out by inmates," and that "[t]here are no copies of the Holy Quran in the jail library because none have been donated").

Further, any claim based on the allegation that WTDF does not have an English copy of the Torah in its library is doomed for another reason: it is barred by the PLRA's physical injury requirement.  As mentioned above, Green seeks monetary damages for his emotional distress.  A provision of the PLRA provides in relevant part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e); *see also Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.").  In his

---

that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.").

Complaint, Green alleges that because of WTDF's failure to provide kosher food, he only ate cheese and peanut butter, which ultimately led to a heart attack.  Compl. at 7.[8]  However, Green alleges no physical injury stemming from WTDF not having an English copy of the Torah in its library.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Ernest Green's Complaint (ECF No. 3) be **DISMISSED** for failure to state a claim upon which relief may be granted.

**So ORDERED and SIGNED this  16th day of October 2023.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

[8] *Cf. Pratt v. Corr. Corp. of Am.*, 124 F. App'x 465, 467 (8th Cir. 2005) (holding prisoner's allegation that his vegetarian meals lacked adequate nutritional value and caused him to lose 30 pounds satisfied the physical-injury requirement of § 1997e(e)); *Sealock v. Colorado*, 218 F.3d 1205, 1210 n.6 (10th Cir. 2000) (stating the prisoner "satisfie[d] the statutory requirement [under § 1997e(e)] because he has made a prior showing of physical injury, i.e. his heart attack").